UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Bess Adler, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: |
| v. | ) |
| | ) |
| Jail Education Solutions, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff Bess Adler ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Jail Education Solutions, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff is a photojournalist and documentary photographer based in Brooklyn, New York. Her work explores the complexities of communities around the world. She received a BFA for Photography and Imaging from New York University. Her work has appeared in The New York Times, The Wall Street Journal, National Geographic Digital, AARP, Narrative.ly, Esquire, Tricycle: The Buddhist Review, Metro New York, Bloomberg News, Marie Claire Australia, NewYorker.com, The Intercept, Vogue, Eater New York, TravelChannel.com, The Oxford American and more.

3. Plaintiff created a photograph of a Rikers Correction Department City of New York Officer seemingly meditating (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is an education technology company that provides a comprehensive digital platform of educational, vocational, and rehabilitative programs for incarcerated individuals, aiming to reduce recidivism and promote successful re-entry into

1

society.

5. As a part of its business model, Defendant owns and operates a social media account on Twitter at known as "edovo" (the "*Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

8. Upon information and belief, Defendant is an Illinois Corporation with a principal place of business at 1130 S Canal #1271, Chicago in Cook County, Illinois.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

2

are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On November 27, 2017, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

17. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

18. On November 14, 2017, the Photograph was registered by USCO under Registration No. VA 2-076-659.

19. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

20. Plaintiff published the Photograph by commercially licensing it to a third party organization, known as "Tricycle" for the purpose of display and/or public distribution.

**B.   <u>Defendant's Infringing Activity</u>**

21. Defendant is the registered owner of the Account and is responsible for its content.

22. Defendant is the operator of the Account and is responsible for its content.

23. On or about September 30, 2019, without permission or authorization from Plaintiff, Defendant volitionally displayed the Photograph on the Account as part of an on-line story at URL https://twitter.com/Edovo/status/1178655785615708161. A copy of a screengrab of the Account including the Photograph is attached hereto as <u>Exhibit 2</u>.

24. Plaintiff first observed and actually discovered the Infringement and Defendant's violation of the DMCA on December 1, 2022.

25. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

27. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

28. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

29. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

30. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

31. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

32. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

33. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

34. Upon information and belief, Defendant monitors the content on its Website.

35. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

38. Defendant's use of the Photograph harmed the actual market for the Photograph.

39. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

40. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

41. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

42. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

43. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

44. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

47. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using

it on the Account.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

49. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

      d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

      e.      for pre-judgment interest as permitted by law; and

      f.      for any other relief the Court deems just and proper.

DATED: September 17, 2025

**SANDERS LAW GROUP**

By: */s/ Renee Aragona*
Renee Aragona, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 128320

*Attorneys for Plaintiff*